WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Acella Pharmaceuticals LLC, | No. MC-25-00028-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| ANI Pharmaceuticals Incorporated, | |
| Defendant. | |

On July 23, 2025, I granted Plaintiff Acella Pharmaceuticals LLC's ("Acella") motion to compel after Defendant Specialty Process Labs, LLC ("SPL") declined to respond to the motion and otherwise declined to participate in this matter. (Doc. 8.) The following day, Acella moved for attorneys' fees pursuant to Fed. R. Civ. P. 37. (*See* Doc. 9 (the "Fee Motion").) SPL declined to respond or otherwise address the Fee Motion. For the reasons set forth below, the Fee Motion will be **granted in part**.

I.    **LEGAL STANDARD**

To calculate an award of fees, courts utilize the "lodestar" method, which requires multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *See, e.g.*, *World Nutrition Inc. v. Advanced Supplementary Techs. Corp.*, 2022 WL 2111226, at *3 (D. Ariz. 2022); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended. Those hours may be reduced by the court where

documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citation omitted). In determining whether the hourly rates charges are reasonable, courts consider the "experience, skill, and reputation of the attorney requesting fees," and are "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210–11 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services." *Blum*, 465 U.S. at 895 n.11.

In the Ninth Circuit, courts consider the following twelve factors in determining whether the rates charged and time spent were reasonable:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)); *see also* LRCiv. 54.2(c)(3) (directing that a party seeking an award of attorneys' fees address the 12 *Kerr* factors plus "[a]ny other matters deemed appropriate under the circumstances").

## II.  DISCUSSION

In its Fee Motion, Acella correctly notes that absent certain circumstances that are not relevant here, it is entitled to an award of attorneys' fees under Rule 37, which states in relevant part:  "If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). I agree that Acella is entitled to fees on its successful motion to compel and further deem SPL's failure to respond to the Fee Motion as consent to an award of fees. *See* LRCiv 7.2(i) (stating that if an opposing party "does not serve and file the required answering memoranda" to a pending motion, "such non-compliance may be deemed a consent to the . . . granting of the motion, and the Court may dispose of the motion summarily").

The only question remaining is the amount of fees to be awarded. Here, Acella requests $30,000 in fees incurred in "(i) preparing and serving the motion to compel, (ii) preparing the notice of SPL's nonopposition to the motion to compel, and (iii) preparing [Fee Motion]." (Doc. 9 at 2, 5.) In support of its request, Acella supplied a declaration from lead counsel attaching relevant billing records showing that it incurred $35,220 in fees, (*see generally* Doc. 13), and biographical information about the attorneys who billed those fees, (*see id.* at 3–4 ¶ 7; Doc. 9, Exhibits C-1–4).

### A.    Reasonableness of Time Spent on Motion to Compel

Acella seeks to recover attorneys' fees for (a) 16.3 hours spent both preparing the motion to compel and addressing SPL's failure to oppose that motion, and (b) 23.7 hours spent preparing the Fee Motion and associated declaration. (*See* Doc. 13-2.) After considering the *Kerr* factors, I find that the 16.3 hours spent by Acella's counsel in preparing the motion to compel—including addressing SPL's non-opposition—was reasonable and is therefore compensable. Acella is not entitled to an award of fees incurred in connection with the Fee Motion because the plain language of Rule 37(a)(5) limits an award of fees to the moving party's expenses and attorneys' fees "incurred in making the motion" for underlying relief—in this case, the motion to compel. Acella cites no precedent, binding or otherwise, interpreting Rule 37(a)(5) to allow for the recovery of fees incurred in preparing a fee application. Furthermore, the time Acella spent in pursuit of its fees is unreasonable given that it exceeds the amount of time spent in pursuing the motion to compel by over 45%.

- 3 -

**B.    Reasonableness of Hourly Rates**

Acella seeks to recover fees based on the following rates for individuals based in Austin and New York: $1,730 for a partner with over thirty years of experience; $1,020 for a "Special Attorney" with approximately thirty years of experience; $920 for an associate with approximately five years of experience; and $280 for work performed by a paralegal. (Doc. 13 at 2 ¶ 5, 3–4 ¶ 7; Doc. 9, Exhibits C-1–C-4.)[1]  Acella does not attempt to argue— nor does it provide any evidence establishing—that its requested rates are in line with prevailing market rates in Arizona; rather, it cites only to cases from California district courts and argues in a footnote that I may adopt non-forum rates to award fees in this matter.  (Doc. 9 at 6–7 & n.2.)

In resolving an attorneys' fees application, another judge on this court recently determined that "non-forum rates may be applied 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'"  *Weiss ex rel. United States v. United Seating and Mobility LLC*, 2024 WL 4591822, at *7 (D. Ariz. 2024) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).  To receive non-forum rates, counsel must present evidence that the litigation required "a specialized skill set [that] justifie[d] hiring specialized, rather than local, counsel," *id.*, or that local counsel was in fact unable or unavailable to take on the litigation, *Gates*, 987 F.2d at 1405 (holding that the district court did not abuse its discretion in applying non-forum rates because counsel "offered numerous declarations of San Francisco and Sacramento attorneys which directly support [counsel's] contention that [local counsel] with the requisite expertise and experience . . . were unavailable").

Acella has failed to explain why local counsel could not have handled this matter, effectively ignoring the test approved of in *Gates* and applied in *Weiss*.  (*See generally* Docs. 9, 13.)  Moreover, it is not apparent why local counsel could not have handled the

---

[1]    Acella also sought to recover $580 per hour for work performed by an associate with approximately a year of experience, but because she only worked on the Fee Motion— work that is not compensable—her rate need not be addressed.

relatively straightforward issue in this matter—SPL's failure to comply with an out-of-district subpoena. Thus, Acella has failed to meet its burden of providing "satisfactory evidence" that its rates are reasonable. *Blum*, 465 U.S. at 895 n.11.

Although Acella has failed to cite any findings in this district of reasonable hourly rates for complex commercial disputes, several recent cases provide guidance. *See Gonzalez v US Human Rights Network*, 2024 WL 149979, at *18–20 (D. Ariz. 2024) (noting that this district recently has "approved hourly rates of $567 for partners, $375.50 for associates, and $265 for paralegals"), *aff'd in part, rev'd in part on other grounds*, 2026 WL 382043 (9th Cir. 2026); *World Nutrition*, 2022 WL 2111226 at *4 (approving rates of $525 for an associate with nine years of experience and $650 for a shareholder with over twenty years of experience); *ThermoLife Int'l LLC v. Am. Fitness Wholesalers LLC*, 2020 WL 1694739, at *8 (D. Ariz. 2020) (finding rates of $890 for the lead partner, $690 for an associate, and $355 for a senior paralegal reasonable in a complex matter).

Relying on these cases, I will reduce the rates for the partner and special attorney to $890, and the rate for the associate with approximately five years of experience to $690, which reflect the high-end of Arizona market rates approved in this district. *See Thermolife*, 2020 WL 1694739, at *8. I will, however, adopt Acella's proposed paralegal rate of $280 because it is comparable to rates previously approved. *See Id.*; *Gonzalez*, 2024 WL 149979, at *19.

### C.    Calculation of Fee Award

Applying the reasonable hourly rates identified above to the work reasonably performed on Acella's motion to compel, I will award Acella $11,333 in fees based on the calculations set forth below: [2]

---

[2]    I omit descriptions of the time spent to avoid disclosure of privileged or work-product material set forth in the sealed exhibit to the Fee Motion.

| Hours | Timekeeper | Reasonable Rates | Final |
|---|---|---|---|
| 3.9 | Special Attorney | $890 | $3,471 |
| 2.6 | Special Attorney | $890 | $2,314 |
| 2.4 | Paralegal | $280 | $672 |
| 0.9 | Partner | $890 | $801 |
| 0.7 | Paralegal | $280 | $196 |
| 0.3 | Paralegal | $280 | $84 |
| 2 | Associate | $690 | $1,380 |
| 3.5 | Associate | $690 | $2,415 |
| **16.3** | | | **$11,333** |

## III.    CONCLUSION

For the reasons set forth above, I will award Acella attorneys' fees based on reasonable rates and work reasonably performed in connection with its successful pursuit of an order compelling compliance with the out-of-district subpoena.

Accordingly,

**IT IS HEREBY ORDERED**, Acella's Motion for Attorneys' Fees Related to Its Motion to Compel Specialty Process Labs, LLC (Doc. 9) is **granted in part,** and awarding Acella fees in the amount of $11,333.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 7th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge